```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

BOBBY MOSS,                    )
                               )
              Plaintiff,       )         4:09CV3101
                               )
       v.                      )
                               )
TECUMSEH PRISON,               )         MEMORANDUM OPINION
                               )
              Defendant.       )
_____)
```

Plaintiff filed his complaint on May 15, 2009, and was given leave to proceed in forma pauperis on June 17, 2009 (Filing Nos. 1 and 10). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his complaint on May 15, 2009, against Tecumseh State Prison ("TSP") (Filing No. 1 at CM/ECF p. 1). Plaintiff is currently incarcerated at TSP in Tecumseh, Nebraska. (*Id*.)

Plaintiff, an African American, alleges that TSP has kept plaintiff in administrative segregation longer than a similarly situated white inmate. (*Id*. at CM/ECF pp. 1-2.) Specifically, plaintiff alleges that he was involved in a fight with a white inmate. (*Id*.) Because of this fight, plaintiff has been confined in administrative segregation for a year, while the white inmate was only confined in administrative segregation for

three days.  (*Id*.)   Plaintiff also alleges that he "ha[s] no access to the law library."  (*Id*. at CM/ECF p. 2.)  Plaintiff seeks monetary damages in the amount of $2,500.00.  (*Id*.) Plaintiff also seeks injunctive relief in the form of a court order that directs defendant to transfer plaintiff "out of Tecumseh State Prison."  (*Id*.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is

represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The Eleventh Amendment protects states and state agencies from suit by private citizens.  *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003).  However, Eleventh Amendment immunity is not absolute.  *Id*.  The Supreme Court has recognized that Congress may override a state's sovereign immunity or a state may waive its immunity by consenting to suit.  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  In addition, under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), private citizens can bring suit

-3-

against a state official for prospective injunctive relief without violating the Eleventh Amendment. *Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005).

Here, plaintiff only sues Tecumseh Prison, a state agency. (Filing No. 1 at CM/ECF p. 1.) There is no indication that Congress has overridden the state's immunity or that the state waived its immunity in this matter. In addition, the *Ex Parte Young* doctrine does not extend to states or state agencies. *See Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief and dismissing claims against state agency), *vacated on other grounds*, 127 S.Ct. 3000 (2007); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978). Accordingly, defendant is entitled to sovereign immunity and plaintiff's complaint must be dismissed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of June, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court